UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

Rufus Gibson,

                      Plaintiff,

-against-

The City of New York, Mayor Michael Bloomberg, and New York City Police Officer Mobeen Yasin, Shield# 26696, in thier individual and official capacities,

                      Defendants,

-----------------------------------------------------X

COMPLAINT PURSUANT

42 U.S.C. SECTION 1983

"JURY TRIAL DEMANDED"

**CV 14    1452**

BRODIE, J.



## Introduction

1. This is an civil action for damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States. Defendants, while acting in thier capacities as Mayor and police officer in the City of New York, Kings County, State of New York, deprived plaintiff of his liberty without due process of law, made an unreasonable search and seizure of the person and property of

plaintiff, and subsequent false arrest without due process of law, thereby depriving plaintiff of his rights, privileges and immunities as guarenteed by the Fourth and Fourteenth Amendments to the Constitution of the United States .

2. The Court has jurisdiction of this action under 42 U.S.C. Section 1983, Section 802 of The Violent Radicalization and Home Grown Terrorism Prevention Act of 2007, and under 28 U.S.C. Sections 1343 and 1331.

### Parties

3. The plaintiff, Rufus Gibson, was at all material times a resident of the State of New York, and of full age and sues all defendants in thier individual and official capacities.

4. Defendants Bloomberg and Yasin were at all times relevant to this complaint, Mayor and police officer, respectively, of the City of New York, acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York. YASIN IS ASSIGNED TO THE 71ST PCT. 421 Empire BLVD Brooklyn NY 11285

5. The City of New York is a municipal corporation and the public employer of said defendants.

### Facts

6. On March 11, 2011 plaintiff was driving his black 2006 Ford Expedition, registered to him, heading northbound on Rochester Ave, between

2

Crown and Carrol Streets, in Kings County at approximately 8:15 p.m.

7. Defendant Yasin was driving a marked police car, as he was in uniform with a partner in the vehicle, heading southbound on the same street as plaintiff and made an ubrupt "u-turn" behind plaintiff with lights flashing.

8. Plaintiff looked through the rearview startled to notice that he was the focus of Yasin's attention.

9. Plaintiff, complying with Yasin's demands stopped, as the street was too narrow to pull over, was immediately pulled out of the vehicle when Yasin thrust open plaintiff's door while yelling "get out of the vehicle."

10. Plaintiff, bedazzeled as this nightmare is unfolding, was pushed up on the driver's side fender, palms down and "spread eagle," whilst his partner rummage through plaintiff's pockets looking for contraband, and reinforcements completed the vehicle search which was fruitless.

11. Subsequently, plaintiff was arrested for a pelethora of charges and escorted to the 71st Precinct.

12. After processing, plaintiff asked defendant Yasin as to why he stopped in the first place, and Yasin replied "your headlight was out." Plaintiff was released in approximately 4 hours.

13. Ironically, plaintiff never received a traffic ticket.

14. On November 14, 2011, the kings County District Attorney declined to

prosecute this case for, among other things, insufficient paperwork appparently the fault of Yasin. ***See exhibit A.***

15. Defendant Bloomberg created and defends the policing policies that are implemented by the NYPD, including but not limited to, the controversial "Stop and Frisk" policy which was in full effect at the time of plaintiff's illegal search of his person, vehicle and susequent arrest. Ironically, defendant Bloomberg fails to follow the very policies he created.

16. Defendant Bloomberg has made it specifically clear via media, that he has no problem with intimidating specific ethnic, and gender based civilian population of the United States, in furtherance of specific political and/or social objectives which classifies him as a "domestic terrorist" within the meaning of Section 802 of The Violent Radicalization and Home Grown Terrorism Prevention Act of 2007.

17. By means of thier unlawful detention of plaintiff and malicious charges they placed against him, defendants Bloomberg and Yasin intentionally and/or with deliberate indifference and callous disregard of plaintiff's civil rights, deprived plaintiff of his right to be free of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constituion of the United States, abuse of process in violation of the Due Process Clause of the Fifth Amendment to the Constitution of the United States, to Section 802 of the Violent Radicalization and Home Grown Prevention Act of 2007, and to 42

4

U.S.C. Section 1983.

18. Plaintiff alleges and realleges Paragraph 1 through 17 of all these counts, with the same force and effect as if fully set forth herein:

### COUNT 1

19. For the tort of false arrest plaintiff demands judgment against the defendants jointly and severally for compensatory damages in the amount of $350,000.00 and punitive damages in the amount of $5,000,000.00, as protected by the Fourth an Fourteenth Amendments to the United States Constitution

### COUNT 2

20. For the tort of illegal search and seizure plaintiff demands judgment against the defendants jointly and severally for compensatory damages in the amount of $350,000.00 and punitive damages in the amount of $5,000,000.00 as protected by the Fourth and Fourteenth Amendmants to the United States Constitution.

### COUNT 3

21. For the tort of abuse of process plaintiff demands judgment against the defendants jointly and severally for compensatory damages in the amount of $350,00.00 and punitive damages in the amount of $5,000,000.00 as protected by the Due Process Clause of the United states Constitution.

5

## COUNT 4

22. For violation of the Violent Radicalization and Home Grown Terrorism Prevention Act of 2007, plaintiffs demands against defendant Bloomberg for compensatory damages in the amount of $350,000.00 as protected by the Patriot Act.

WHEREFORE, plaintiff also respectfully request costs of this action and such other and further relief as this Court deems just and proper

Dated: ~~February 23~~ March 5, 2014

Brooklyn, New York

Rufus Gibson, plaintiff, *pro se*

1035 Clarkson Ave.
Apt. 2L
Brooklyn, NY. 11212
516-574-2937

OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY
RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000

**CHARLES J. HYNES**
*District Attorney*

# DECLINED PROSECUTION

Declined date: November 14, 2011

Arrest Number: K11624120

| | |
|---|---|
| Defendant: | GIBSON, RUFUS |
| DOB: | 02/15/68 |
| Address: | 821  EAST MAIN ST, BROOKLYN, NY |

Arrest:  03/11/11 20:22                                              PCT of arrest: 071
Arresting officer: MOBEEN YASIN, TAX ID: ▇▇▇▇▇ Shield: 26696, CMD: 060
Arrest Charges:  PL 2210500  PL 2650101  VTL03750A1  VTL051101A

Occurrence:  03/11/11 20:15                                          PCT of occurrence: 071
Location:

## STATEMENT OF FACTS

AT T/P/O THE DEFENDANT WAS OBSERVED OPERATING A BLACK 2006 FORD SUBN NY REGIST
ERATION ▇▇▇▇▇ WITH A DEFECTIVE RIGHT HEADLIGHT. THE DEFENDANT WAS STO

**Reason for declined prosecution:**
  DAT- Insufficient paperwork
  DAT- case cannot be prosecuted in a timely manner

**Details:**
  CASE CAN NOT BE PROSECUTED IN A TIMELY MANNER, TIME HAD LAPS  CASE DP DEFT APPEAR

**Efforts made to reach witness:**

**Instructions to arresting officer:**
  DAT-no further instructions

Signature: _____

By Assistant District Attorney: screener   Sofia Aitken

This instrument will remain on file as part of the record of the Office of the District Attorney of Kings county.
Before re-arrest, please contact the Complaint Room Deputy on duty at (718) 250-3500.

DA Copy

EXHIBIT 'A'